UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| APC PARTNERS, III, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1739-LJM-JMS |
| | ) | |
| FFEC PROPERTIES, LLC, d/b/a PINHEADS; FISHERS FAMILY ENTERTAINMENT CENTER, LLC; FFEC OPERATIONS, LLC; DANIEL L. PATRAS; ROBIN PATRAS; U.S. SMALL BUSINESS ADMINISTRATION; PREMIER CAPITAL CORPORATION; ZESCO PRODUCTS, INC., d/b/a ZOLL BROS., | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Crossclaim Plaintiff/ | ) | |
|     Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| APC PARTNERS III, LLC, | ) | |
|     Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FFEC Properties, LLC d/b/a PINHEADS; FISHERS FAMILY ENTERTAINMENT CENTER, LLC; FFEC OPERATIONS, LLC; DANIEL L. PATRAS; ROBIN PATRAS; ZESCO PRODUCTS, INC., d/b/a ZOLL BROS., | ) | |
|     Crossclaim Defendants. | ) | |

**ORDER ON CROSSCLAIM PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This foreclosure action comes before the Court on crossclaim plaintiff's, the United States of America ("United States"), for and on behalf of the United States Small Business Administration ("SBA"), Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). The Court rules as follows.[1]

### I. BACKGROUND

Crossclaim defendants, FFEC Properties, LLC, d/b/a Pinheads, Fishers Family Entertainment Center, LLC, and FFEC Operations, LLC, failed to respond to the United States' Motion for Summary Judgment. Accordingly, with respect to FFEC Properties, LLC, d/b/a Pinheads, Fishers Family Entertainment Center, LLC, and FFEC Operations, LLC, the Court accepts as true the factual allegations contained in the United States' Motion that are supported by the designated evidence. *See* S.D. Ind. L.R. 56.1.[2]

When crossclaim defendants, Daniel L. Patras and Robin Patras ("the Patras defendants") (all cross-defendants collectively, the "Crossclaim Defendants"), responded to the United States' Motion, they raised only one issue of material fact, an apparent

---

[1] After an examination of the briefs and evidence of record, the Court concludes that oral argument is unnecessary. Therefore, the Patras defendants' Motion for Oral Argument (Dkt. No. 71) is **DENIED**.

[2] Local Rule 56.1 states: "For purposes of deciding the motion for summary judgment, the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts: are specifically controverted in the opposing party's 'Statement of Material Facts in Dispute' by admissible evidence; are shown not to be supported by admissible evidence; or, alone, or in conjunction with other admissible evidence, allow reasonable inferences to be drawn in the opposing party's favor which preclude summary judgment." S.D. Ind. L.R. 56.1.

oversight that the United States made in its Motion. Dkt. No. 70. The United States corrected this matter in its reply brief (Dkt. No. 76), and the Court accepts as true the undisputed facts. S.D. Ind. L.R. 56.1.

On April 24, 2006, FFEC Properties, LLC ("FFEC Properties"), executed and delivered to Premier Capital Corporation ("Premier") a promissory note in the amount of $1,192,000.00 (the "First Note"). Dkt. No. 14-1. In addition, on April 24, 2006, FFEC Properties executed and delivered to Premier a second promissory note in the amount of $308,000.00 (the "Second Note"). Dkt. No. 14-10. As security for these notes, the Patras defendants executed and delivered guarantee agreements to Premier. Dkt. No. 14-14, -15, -16, -17. To further secure the notes, FFEC Properties executed and delivered a real estate mortgage to Premier. Dkt. No. 14-3.

Premier assigned the notes, the Patras defendants' guarantees, and the real estate mortgage to the SBA. Dkt. No. 14-2, -4, -11. According to G. Gail Gesell ("Gesell"), District Director of the SBA for the State of Indiana, FFEC Properties defaulted on its obligations to the SBA under the notes, and the Crossclaim Defendants are jointly and severally liable on the notes. Revised Gesell Aff., Dkt. No. 76-1, ¶¶ 6, 12. On May 20, 2009, the SBA agreed to relinquish its mortgage in favor of APC Partners III, LLC, in exchange for $25,000.00, which was applied to reduce the principal balance that the Crossclaim Defendants owed on the First Note. *Id.* ¶¶ 7, 8. According to Gesell, the following amounts were due upon the First Note as of September 10, 2009:

| | |
|---|---|
| Principal Balance: | $1,112,189.39 |
| Interest to 09/10/09: | $101,493.19 |
| TOTAL AMOUNT DUE: | $1,213,682.58 |

*Id.* ¶ 8. Interest on the Note continues to accrue on the principal balance at a rate of 5.899% per annum, $179.87 per diem. *Id.* In addition, the following amounts were due upon the Second Note as of September 10, 2009:

| | |
|---|---|
| Principal Balance: | $268,325.30 |
| Interest to 09/10/09: | $25,119.71 |
| TOTAL AMOUNT DUE: | $293,445.01 |

*Id.* ¶ 13. Interest on the Second Note continues to accrue on the principal balance at a rate of 6.140% per annum, $45.14 per diem. *Id.*

## II. **STANDARD**

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(c) ("Rule 56(c)"), which provides in relevant part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial."

Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which she relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to [her] case, one on which [she] would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III. DISCUSSION

The United States asserts that there are no genuine issues of material fact regarding Crossclaim Defendants' breach of the Notes and, therefore, the United States is entitled to judgment as a matter of law under Rule 56(c).

The undisputed record evidence demonstrates that the loan documents entered into by Premier and the Crossclaim Defendants, namely the notes, the Patras defendants' guarantees, and the real estate mortgage, are all valid and enforceable. Dkt Nos. 14-1, -10, -14, -15, -16, -17, -3. These loan documents establish that FFEC Properties borrowed and promised to repay $1,500,000.00 from Premier. Dkt. Nos. 14-1, -10. Premier assigned these loan documents to the SBA. Dkt. No. 14-2, -4, -11.

FFEC Properties defaulted on its obligations to the SBA under the notes, and the Cross-Defendants are jointly and severally liable on the notes. Revised Gesell Aff. ¶¶ 6, 12. On May 20, 2009, the SBA agreed to relinquish its mortgage in favor of APC Partners III, LLC, in exchange for $25,000.00, which was applied to reduce the principal balance that the Crossclaim Defendants owe on the First Note. *Id.* ¶¶ 7, 8. According to Gesell, the total amount due as of September 10, 2009, is $1,482,007.88. *Id.* ¶¶ 8, 13. Therefore, based upon the designated evidence, the Court concludes that there are no genuine issues of material fact and the United States is entitled to judgment as a matter of law in the amount of $1,482,007.88, plus interest that has accrued between September 10, 2009, and the date that final judgment will enter.

The Court hereby **ORDERS** the United States to submit a proposed Entry of Judgment consistent with this order within **thirty (30) days** from the date of this order.

## IV. CONCLUSION

For the foregoing reasons, crossclaim plaintiff's, the United States of America ("United States"), for and on behalf of the United States Small Business Administration ("SBA"), Motion for Summary Judgment (Dkt. #66) is **GRANTED**. Crossclaim Plaintiff is **ORDERED** to submit a proposed Entry of Judgment within **thirty (30) days** from the date of this order.

IT IS SO ORDERED this 13th day of January, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Eric Michael Douthit
CHURCH CHURCH HITTLE & ANTRIM
edouthit@cchalaw.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Jay Jaffe
BAKER & DANIELS
jay.jaffe@bakerd.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov